PHILLIP A. TALBERT
United States Attorney
HEIKO P. COPPOLA
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 2:12-CR-0322 GEB |
|---|---|
| Plaintiff, | STIPULATION REGARDING COMPETENCY PROCEEDINGS FOR DEFENDANT ALEKSANDR MASLOV AND EXCLUDABLE TIME UNDER THE SPEEDY TRIAL ACT; [PROPOSED] ORDER |
| v. | |
| ALEKSANDR MASLOV, | |
| Defendant. | |

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant Aleksandr Maslov, by and through defendant's counsel of record, hereby stipulate as follows:

1. The defendant is charged with various criminal offenses in Eastern District of California cases: 2:12-CR-0322 GEB and 2:14-CR-0083 GEB. The defendant's competence to stand trial in EDCA Case Number 2:12-CR-0322 GEB was raised in a stipulation and order continuing a status conference that was filed on or about May 17, 2017. See ECF 166.

2. On January 19, 2017, defense counsel produced by email to the United States a summary report by Barbara E. McDermott, PhD, of the University of California, Davis Department of Psychiatry (herein, the "summary report"). The summary report described an examination of the defendant for purposes of determining whether he had intellectual deficits and/or learning disabilities that might impair his ability to understand the charges and proceedings against him. The summary report was filed under seal at defendant's request in EDCA Case Number 2:14-CR-00083 GEB. See 2:14-CR-00083

1

GEB ECF No. 169.

3. The summary report's preliminary conclusions raised for the parties "reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a). Accordingly, on January 24, 2017, this Court ordered that the defendant be severed from his co-defendants in Case No. 2:14-CR-00083 GEB, in order to undergo competency evaluation. See 2:14-CR-00083 GEB ECF No. 150.

4. On February 23, 2017, pursuant to the parties' stipulation and proposed order in EDCA Case Number 2:14-CR-0083 GEB, this Court ordered the defendant committed to the custody of the Federal Bureau of Prisons ("BOP") for a period of 30 days to undergo competency evaluation. See 2:14-CR-00083 GEB ECF No. 177.

5. On March 30, 2017, the defendant self-surrendered to BOP at the Los Angeles Metropolitan Detention Center for evaluation. The evaluation was completed and the defendant was released on May 5, 2017; the resulting report was filed under seal. See 2:14-CR-00083 GEB ECF No. 198 ("BOP Report"). In a publicly-filed letter to the Court, BOP summarized that "although there is evidence to indicate Mr. Maslov may experience mild cognitive deficits, the signs or symptoms do not impair his present ability to understand the nature and consequences of the court proceedings against him, or his ability to properly assist counsel in his defense." 2:14-CR-00083 GEB ECF No. 197. Moreover, BOP stated that "[d]uring the competency portion of the evaluation, overall, he provided appropriate responses to the questions posed to him," and "did not appear to experience significant difficulties in communicating his thoughts to the evaluator." Id.

6. On July 12, 2017, in response to the BOP report, Dr. McDermott completed a supplemental report ("supplemental report") at defense counsel's request evaluating the defendant's competence in light of the BOP Report's conclusion. The supplemental report was filed under seal concurrently to a similar stipulation and proposed order in EDCA Case Number 2:14-CR-00083 GEB. In the supplemental report, Dr. McDermott concurred with the BOP Report's conclusion, stating, inter alia, that "Dr. Shelton [of BOP] was of the opinion that Mr. Maslov was competent to stand trial and I

concurred with that opinion at the time of my initial evaluation." Supplemental Report at 3.

7. Because all experts have concluded that the defendant is competent to stand trial, the parties have concluded that an evidentiary hearing as to competence would be unnecessary and uncontested. The parties wish to obviate the need for such a hearing and proceed henceforth with setting trial dates. In so doing, the defendant understands that he is waiving his right to a hearing under 18 U.S.C. § 4247(d), which includes waiving his "opportunity to testify, to present evidence, to subpoena witnesses on his behalf, and to confront and cross-examine witnesses who appear at the hearing." Id. Undersigned defense counsel represents that he has advised the defendant of these rights, as well as the contents of the evaluation reports conducted to date. Defense counsel further represents that he has discussed the waiver of the § 4247(d) competency hearing and that the defendant has agreed to give up the rights enumerated in the statute and associated case law, as he concurs in the unanimous expert opinions that he is indeed competent to stand trial.

8. Accordingly, the parties jointly request that this Court (1) find the defendant "able to understand the nature and consequences of the proceedings against him and to assist properly in his defense," 18 U.S.C. § 4241, and therefore competent to stand trial, on the basis of the unanimous conclusions of evaluating experts and the parties stipulation, and (2) vacate the currently scheduled competency status hearing set for November 17, 2017. Because other un-severed co-defendants remain in the above-entitled case, the parties anticipate that a further stipulation and order excluding time and setting a new status conference date will be filed in advance of the currently scheduled status conference on November 17, 2017.

9. Time has previously been excluded in this matter under the Speedy Trial Act through November 17, 2017, pursuant to 18 U.S.C.§§ 3161(h)(7)(A) and (B)(iv) [Local Code T4] and 3161(h)(1)(A) [Local Code A]. Given the conclusion of competency proceedings, no further exclusion of time under Local Code A is applicable. Defense counsel is diligently preparing for trial in this case so the Court's previously granted exclusion of time under T-4 remains applicable. Defense counsel continues to conduct legal and factual research related to preparing for trial with adequate diligence, and therefore the continued exclusion of time is appropriate, as the ends of justice served by taking such action outweigh the best interest of the public and defendant in a speedy trial.

10. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: November 1, 2017            PHILLIP A. TALBERT
United States Attorney

/s/ HEIKO P. COPPOLA

HEIKO P. COPPOLA
Assistant United States Attorney

Dated: November 1, 2017            /s/ ROBERT WILSON
ROBERT WILSON
Counsel for Defendant
ALEKSANDR MASLOV

**FINDINGS AND ORDER**

1. This Court has reviewed the reports filed in these competency proceedings on February 13, 2017, May 30, 2017, and October 19, 2017, analyzing the defendant's mental health and competency, as well as the publicly-filed letter from the Bureau of Prisons of May 25, 2017, and the parties' stipulation.

2. Consistent with all of these filings, the Court has determined and now finds, by a preponderance of the evidence, that (a) the defendant is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense, and (b) the defendant is competent to stand trial. This Court makes such findings consistent with the Insanity Defense Reform Act of 1984, 18 U.S.C. §§ 4241–4248, and hereby vacates the evidentiary hearing previously contemplated as unnecessary given the unanimous conclusions of all evaluating experts.

3. The currently set competency status hearing on November 17, 2017, is hereby vacated and converted into a status conference hearing.

4. This Court previous finding of excludable time pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B)(iv) [Local Code T-4] remains in effect until November 17, 2017.

5. Nothing in this Order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO FOUND AND ORDERED.

Dated: November 8, 2017

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge