MCGREGOR W. SCOTT
United States Attorney
HEIKO P. COPPOLA
MICHAEL D. ANDERSON
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> ALEKSANDR MASLOV, <br><br> Defendant. | CASE NO.  2:12-CR-00322 JAM <br> 2:14-CR-00083 JAM <br><br> STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER <br><br> DATE: May 5, 2020 <br> TIME: 9:15 a.m. <br> COURT: Hon. John A. Mendez |

    This case is set for status conference on May 5, 2020.  On April 17, 2020, this Court issued General Order 617, which suspends all jury trials in the Eastern District of California scheduled to commence before June 15, 2020, and allows district judges to continue all criminal matters to a date after June 1, 2020.  This and previous General Orders were entered to address public health concerns related to COVID-19.

    Although the General Orders address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a

1  judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally
2  or in writing").

3  Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory
4  and inexcusable—General Orders 611, 612, and 617 require specific supplementation.  Ends-of-justice
5  continuances are excludable only if "the judge granted such continuance on the basis of his findings that
6  the ends of justice served by taking such action outweigh the best interest of the public and the
7  defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless
8  "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the
9  ends of justice served by the granting of such continuance outweigh the best interests of the public and
10 the defendant in a speedy trial." *Id.*

11 The General Orders exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code
12 T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics,
13 natural disasters, or other emergencies, this Court has discretion to order a continuance in such
14 circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance
15 following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court
16 recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United*
17 *States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the
18 September 11, 2001 terrorist attacks and the resultant public emergency).  The coronavirus is posing a
19 similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

20 In light of the societal context created by the foregoing, this Court should consider the following
21 case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-
22 justice exception, § 3161(h)(7) (Local Code T4). [1]  If continued, this Court should designate a new date
23 for the status conference. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any
24 pretrial continuance must be "specifically limited in time").

## STIPULATION

26 Plaintiff United States of America, by and through its counsel of record, and defendant, by and

---

[1] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

2

through defendant's counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for status on May 5, 2020.

2. By this stipulation, defendant now moves to continue the status conference until June 30, 2020 at 9:15 a.m., and to exclude time between May 5, 2020, and June 30, 2020, under Local Code T4.

3. The parties agree and stipulate, and request that the Court find the following:

    a) The government has represented that the discovery associated with these cases is voluminous and complex and includes law enforcement reports and records.  All of this discovery has been either produced directly to counsel and/or made available for inspection and copying.

    b) Counsel for defendant desires additional time review the provided discovery, conduct legal research, to consult with the defendant and to otherwise prepare for trial.  The undersigned defense counsel was recently appointed to represent the defendant in both of the above-entitled matters.

    c) Counsel for defendant believes that failure to grant the above-requested continuance would deny him/her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

    d) The government does not object to the continuance.

    e) In addition to the public health concerns cited by General Order 617, and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case.  This Court has already continued this matter on its own motion to June 23, 2020 in compliance with this Court's General Orders related to COVID-19. ECF 281.

    f) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

    g) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of May 5, 2020 to June 30, 2020, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of

the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: April 30, 2020
McGREGOR W. SCOTT
United States Attorney

/s/ HEIKO P. COPPOLA
HEIKO P. COPPOLA
Assistant United States Attorney

Dated: April 30, 2020
/s/ DAVID GARLAND
DAVID GARLAND
Counsel for Defendant
ALEKSANDR MASLOV

**FINDINGS AND ORDER**

IT IS SO FOUND AND ORDERED this 30th day of April, 2020.

/s/ John A. Mendez
THE HONORABLE JOHN A. MENDEZ
UNITED STATES DISTRICT COURT JUDGE