McGREGOR W. SCOTT
United States Attorney
HEIKO P. COPPOLA
MICHAEL D. ANDERSON
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>v.<br><br>ALEKSANDR MASLOV,<br><br>                              Defendant. | CASE NO.  2:12-CR-00322 JAM<br>                    2:14-CR-00083 JAM<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER<br><br>DATE: June 30, 2020<br>TIME: 9:15 a.m.<br>COURT: Hon. John A. Mendez |

This case is set for status conference on June 30, 2020.  On April 17, 2020, this Court issued General Order 617, which suspends all jury trials in the Eastern District of California scheduled to commence before June 15, 2020, and allows district judges to continue all criminal matters to a date after June 1, 2020.  This and previous General Orders were entered to address public health concerns related to COVID-19.

Although the General Orders address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a

1  judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally

2  or in writing").

3      Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory

4  and inexcusable—General Orders 611, 612, and 617 require specific supplementation.  Ends-of-justice

5  continuances are excludable only if "the judge granted such continuance on the basis of his findings that

6  the ends of justice served by taking such action outweigh the best interest of the public and the

7  defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless

8  "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the

9  ends of justice served by the granting of such continuance outweigh the best interests of the public and

10 the defendant in a speedy trial."  *Id.*

11     The General Orders exclude delay in the "ends of justice."  18 U.S.C. § 3161(h)(7) (Local Code

12 T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics,

13 natural disasters, or other emergencies, this Court has discretion to order a continuance in such

14 circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance

15 following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court

16 recognized that the eruption made it impossible for the trial to proceed.  *Id.* at 767-68; *see also United*

17 *States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the

18 September 11, 2001 terrorist attacks and the resultant public emergency).  The coronavirus is posing a

19 similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

20     In light of the societal context created by the foregoing, this Court should consider the following

21 case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-

22 justice exception, § 3161(h)(7) (Local Code T4). [1]  If continued, this Court should designate a new date

23 for the status conference.  *United States v. Lewis*, 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any

24 pretrial continuance must be "specifically limited in time").

25                                    **STIPULATION**

26     Plaintiff United States of America, by and through its counsel of record, and defendant, by and

27

28 _____
   [1] The parties note that General Order 612 acknowledges that a district judge may make
   "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D.
   Cal. March 18, 2020).

through defendant's counsel of record, hereby stipulate as follows:

1.      By previous order, this matter was set for status on June 30, 2020.

2.      By this stipulation, defendant now moves to continue the status conference until September 15, 2020 at 9:15 a.m., and to exclude time between June 30, 2020, and September 15, 2020, under Local Code T4.

3.      The parties agree and stipulate, and request that the Court find the following:

a)      The government has represented that the discovery associated with these cases is voluminous and complex and includes law enforcement reports and records.  All of this discovery has been either produced directly to counsel and/or made available for inspection and copying.

b)      Counsel for defendant desires additional time review the provided discovery, conduct legal research, to consult with the defendant and to otherwise prepare for trial.  The undersigned defense counsel was recently appointed to represent the defendant in both of the above-entitled matters.

c)      Counsel for defendant believes that failure to grant the above-requested continuance would deny him/her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

d)      The government does not object to the continuance.

e)      In addition to the public health concerns cited by General Order 617, and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case.  This Court has continued this matter on its own motion to June 23, 2020 in compliance with this Court's General Orders related to COVID-19. ECF 281.

f)      Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

g)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of June 30, 2020 to September 15, 2020, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code

1    T4] because it results from a continuance granted by the Court at defendant's request on the basis

2    of the Court's finding that the ends of justice served by taking such action outweigh the best

3    interest of the public and the defendant in a speedy trial.

4          4.       Nothing in this stipulation and order shall preclude a finding that other provisions of the

5    Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial

6    must commence.

7          IT IS SO STIPULATED.

8

9

10   Dated:  June 18, 2020                                    McGREGOR W. SCOTT
                                                              United States Attorney
11

12                                                           /s/ HEIKO P. COPPOLA
                                                             HEIKO P. COPPOLA
13                                                           Assistant United States Attorney

14

15   Dated:  June 18, 2020                                   /s/ DAVID GARLAND
                                                             DAVID GARLAND
16                                                           Counsel for Defendant
                                                             ALEKSANDR MASLOV
17

18

19

20                               **FINDINGS AND ORDER**

21         IT IS SO FOUND AND ORDERED this 18th day of June, 2020

22

23                                                          /s/ John A. Mendez
                                                      THE HONORABLE JOHN A. MENDEZ
24                                                    UNITED STATES DISTRICT COURT JUDGE

25

26

27

28

STIPULATION REGARDING EXCLUDABLE TIME                    4
PERIODS UNDER SPEEDY TRIAL ACT