1  McGREGOR W. SCOTT
   United States Attorney
2  HEIKO P. COPPOLA
   MICHAEL D. ANDERSON
3  Assistant United States Attorney
   501 I Street, Suite 10-100
4  Sacramento, CA 95814
   Telephone:  (916) 554-2700
5  Facsimile:  (916) 554-2900

6
   Attorneys for Plaintiff
7  United States of America

8

9              IN THE UNITED STATES DISTRICT COURT

10               EASTERN DISTRICT OF CALIFORNIA

11

   UNITED STATES OF AMERICA,              CASE NO.  2:12-CR-00322 JAM
12                                                   2:14-CR-00083 JAM
                     Plaintiff,
13                                          STIPULATION REGARDING EXCLUDABLE
              v.                            TIME PERIODS UNDER SPEEDY TRIAL ACT;
14                                          FINDINGS AND ORDER
   ALEKSANDR MASLOV,
15                                          DATE: September 15, 2020
                     Defendant.            TIME: 9:15 a.m.
16                                          COURT: Hon. John A. Mendez

17

18        This case was set for status conference on September 15, 2020.  On its own motion, the Court re-

19  set the status hearing for September 29, 2020.

20        On May 13, 2020, this Court issued General Order 618, which suspends all jury trials in the

21  Eastern District of California "until further notice."  Further, pursuant to General Order 611, this Court's

22  declaration of judicial emergency under 18 U.S.C. § 3174, and the Ninth Circuit Judicial Council's

23  Order of April 16, 2020 continuing this Court's judicial emergency, this Court has allowed district

24  judges to continue all criminal matters to a date after May 2, 2021.[1]  This and previous General Orders,

25  as well as the declarations of judicial emergency, were entered to address public health concerns related

26  to COVID-19.

27
   _____
28        [1] A judge "may order case-by-case exceptions" at the discretion of that judge "or upon the
   request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order
   will impact court staff and operations."  General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

        STIPULATION REGARDING EXCLUDABLE TIME                    1
        PERIODS UNDER SPEEDY TRIAL ACT

1    Although the General Orders address the district-wide health concern, the Supreme Court has

2    emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive

3    openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case.

4    *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no

5    exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id.* at

6    509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a

7    judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally

8    or in writing").

9    Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory

10   and inexcusable—General Orders 611, 612, 617, and 618 require specific supplementation.  Ends-of-

11   justice continuances are excludable only if "the judge granted such continuance on the basis of his

12   findings that the ends of justice served by taking such action outweigh the best interest of the public and

13   the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable

14   unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that

15   the ends of justice served by the granting of such continuance outweigh the best interests of the public

16   and the defendant in a speedy trial."  *Id.*

17   The General Orders exclude delay in the "ends of justice."  18 U.S.C. § 3161(h)(7) (Local Code

18   T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics,

19   natural disasters, or other emergencies, this Court has discretion to order a continuance in such

20   circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance

21   following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court

22   recognized that the eruption made it impossible for the trial to proceed.  *Id.* at 767-68; *see also United*

23   *States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the

24   September 11, 2001 terrorist attacks and the resultant public emergency).  The coronavirus is posing a

25   similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

26   In light of the societal context created by the foregoing, this Court should consider the following

27   case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-

28

STIPULATION REGARDING EXCLUDABLE TIME                    2
PERIODS UNDER SPEEDY TRIAL ACT

1  justice exception, § 3161(h)(7) (Local Code T4). [2]  If continued, this Court should designate a new date

2  for the status conference.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any

3  pretrial continuance must be "specifically limited in time").

4  **STIPULATION**

5  Plaintiff United States of America, by and through its counsel of record, and defendant, by and

6  through defendant's counsel of record, hereby stipulate as follows:

7  1.  By previous order, this matter was set for status on September 15, 2020.

8  2.  By this stipulation, defendant now moves to continue the status conference until

9  September 29, 2020 at 9:30 a.m., and to exclude time between September 15, 2020, and September 29,

10  2020, under Local Code T4.

11  3.  The parties agree and stipulate, and request that the Court find the following:

12  a)  The government has represented that the discovery associated with these cases is

13  voluminous and complex and includes law enforcement reports and records.  All of this

14  discovery has been either produced directly to counsel and/or made available for inspection and

15  copying.

16  b)  Counsel for defendant desires additional time review the provided discovery,

17  conduct legal research, to consult with the defendant and to otherwise prepare for trial.  The

18  undersigned defense counsel was recently appointed to represent the defendant in both of the

19  above-entitled matters.

20  c)  Counsel for defendant believes that failure to grant the above-requested

21  continuance would deny him/her the reasonable time necessary for effective preparation, taking

22  into account the exercise of due diligence.

23  d)  The government does not object to the continuance.

24  e)  In addition to the public health concerns cited by General Order 617, and

25  presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in

26  this case.

27

28  [2] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

3

1    f)    Based on the above-stated findings, the ends of justice served by continuing the

2    case as requested outweigh the interest of the public and the defendant in a trial within the

3    original date prescribed by the Speedy Trial Act.

4    g)    For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,

5    et seq., within which trial must commence, the time period of September 15, 2020 to September

6    29, 2020, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local

7    Code T4] because it results from a continuance granted by the Court at defendant's request on

8    the basis of the Court's finding that the ends of justice served by taking such action outweigh the

9    best interest of the public and the defendant in a speedy trial.

10    4.    Nothing in this stipulation and order shall preclude a finding that other provisions of the

11    Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial

12    must commence.

13    IT IS SO STIPULATED.
Dated:  August 19, 2020                         McGREGOR W. SCOTT
14                                               United States Attorney

15

                                                 /s/ HEIKO P. COPPOLA
16                                               HEIKO P. COPPOLA
                                                 Assistant United States Attorney
17

18    Dated:  August 19, 2020                    /s/ DAVID GARLAND
                                                 DAVID GARLAND
19                                               Counsel for Defendant
                                                 ALEKSANDR MASLOV
20

21

22                          **FINDINGS AND ORDER**

23    IT IS SO FOUND AND ORDERED this 19th day of August, 2020.

24

25                                               /s/ John A. Mendez
                                                 THE HONORABLE JOHN A. MENDEZ
                                                 UNITED STATES DISTRICT COURT JUDGE
26

27

28

STIPULATION REGARDING EXCLUDABLE TIME          4
PERIODS UNDER SPEEDY TRIAL ACT