1 | MCGREGOR W. SCOTT
United States Attorney
2 | HEIKO P. COPPOLA
MICHAEL D. ANDERSON
3 | Assistant United States Attorney
501 I Street, Suite 10-100
4 | Sacramento, CA 95814
Telephone:  (916) 554-2700
5 | Facsimile:   (916) 554-2900

6

7 | Attorneys for Plaintiff
United States of America

8

9 | IN THE UNITED STATES DISTRICT COURT

10 | EASTERN DISTRICT OF CALIFORNIA

11

12 | UNITED STATES OF AMERICA,

Plaintiff,

13 | v.

14 | ALEKSANDR MASLOV,

Defendant.

CASE NO.  2:12-CR-00322 JAM
2:14-CR-00083 JAM

[AMENDED] STIPULATION REGARDING
EXCLUDABLE TIME PERIODS UNDER SPEEDY
TRIAL ACT; FINDINGS AND ORDER

DATE: January 12, 2021
TIME: 9:30 a.m.
COURT: Hon. John A. Mendez

By previous order, this case was set for status conference on January 12, 2021.

On May 13, 2020, this Court issued General Order 618, which suspends all jury trials in the

Eastern District of California "until further notice."  Further, pursuant to General Order 611, this Court's

declaration of judicial emergency under 18 U.S.C. § 3174, and the Ninth Circuit Judicial Council's

Order of April 16, 2020 continuing this Court's judicial emergency, this Court has allowed district

judges to continue all criminal matters to a date after May 2, 2021.[1]  This and previous General Orders,

as well as the declarations of judicial emergency, were entered to address public health concerns related

to COVID-19.

Although the General Orders address the district-wide health concern, the Supreme Court has

---

[1] A judge "may order case-by-case exceptions" at the discretion of that judge "or upon the request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order will impact court staff and operations."  General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

1

1  emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive

2  openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case.

3  *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no

4  exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id.* at

5  509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a

6  judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally

7  or in writing").

8       Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory

9  and inexcusable—General Orders 611, 612, 617, and 618 require specific supplementation.  Ends-of-

10  justice continuances are excludable only if "the judge granted such continuance on the basis of his

11  findings that the ends of justice served by taking such action outweigh the best interest of the public and

12  the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable

13  unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that

14  the ends of justice served by the granting of such continuance outweigh the best interests of the public

15  and the defendant in a speedy trial."  *Id.*

16       The General Orders exclude delay in the "ends of justice."  18 U.S.C. § 3161(h)(7) (Local Code

17  T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics,

18  natural disasters, or other emergencies, this Court has discretion to order a continuance in such

19  circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance

20  following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court

21  recognized that the eruption made it impossible for the trial to proceed.  *Id.* at 767-68; *see also United*

22  *States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the

23  September 11, 2001 terrorist attacks and the resultant public emergency).  The coronavirus is posing a

24  similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

25       In light of the societal context created by the foregoing, this Court should consider the following

26  case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-

27  justice exception, § 3161(h)(7) (Local Code T4). [2]  If continued, this Court should designate a new date

28

  [2] The parties note that General Order 612 acknowledges that a district judge may make
"additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D.

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

2

1    for the status conference. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any

2    pretrial continuance must be "specifically limited in time").

3                                                **STIPULATION**

4          Plaintiff United States of America, by and through its counsel of record, and defendant, by and

5    through defendant's counsel of record, hereby stipulate as follows:

6          1.      By previous order, this matter was set for status on January 12, 2021.

7          2.      By this stipulation, defendant now moves to continue the status conference until February

8    9, 2021, and to exclude time between January 12, 2021, and February 9, 2021, under Local Code T4.

9          3.      The parties agree and stipulate, and request that the Court find the following:

10               a)      The government has represented that the discovery associated with these cases is

11         voluminous and complex and includes law enforcement reports and records.  All of this

12         discovery has been either produced directly to counsel and/or made available for inspection and

13         copying.

14               b)      Counsel for defendant desires additional time review the provided discovery,

15         conduct legal research, to consult with the defendant and to otherwise prepare for trial.  The

16         undersigned defense counsel was recently appointed to represent the defendant in both of the

17         above-entitled matters.  The United States has tendered a plea agreement to defense counsel that,

18         if accepted, will resolve both cases before the Court.  Defense counsel requires additional time to

19         review the proposed plea agreement, consult with the defendant about the proposed plea

20         agreement, and conduct legal research with respect to the proposed plea agreement.

21               c)      Counsel for defendant believes that failure to grant the above-requested

22         continuance would deny him/her the reasonable time necessary for effective preparation, taking

23         into account the exercise of due diligence.

24               d)      The government does not object to the continuance.

25               e)      In addition to the public health concerns cited by General Order 617, and

26         presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in

27         this case.

28

Cal. March 18, 2020).

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

3

1           f)      Based on the above-stated findings, the ends of justice served by continuing the

2   case as requested outweigh the interest of the public and the defendant in a trial within the

3   original date prescribed by the Speedy Trial Act.

4           g)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,

5   et seq., within which trial must commence, the time period of January 12, 2021 to February 9,

6   2021, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code

7   T4] because it results from a continuance granted by the Court at defendant's request on the basis

8   of the Court's finding that the ends of justice served by taking such action outweigh the best

9   interest of the public and the defendant in a speedy trial.

10   4.      Nothing in this stipulation and order shall preclude a finding that other provisions of the

11   / / /

12   / / /

13   / / /

14   / / /

15   / / /

16   / / /

17   / / /

18   / / /

19   / / /

20   / / /

21   / / /

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

27   Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial

28   must commence.

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

4

1       IT IS SO STIPULATED.

2

3

4       Dated:  January 7, 2021                    McGREGOR W. SCOTT
                                                    United States Attorney

5
                                                    /s/ HEIKO P. COPPOLA
6                                                   HEIKO P. COPPOLA
                                                    Assistant United States Attorney
7

8
        Dated:  January 7, 2021                    /s/ DAVID GARLAND
9                                                   DAVID GARLAND
                                                    Counsel for Defendant
10                                                  ALEKSANDR MASLOV

11                          **FINDINGS AND ORDER**

12          IT IS SO FOUND AND ORDERED this 7th day of January, 2021.

13

14                                                 /s/ John A. Mendez
                                                    THE HONORABLE JOHN A. MENDEZ
15                                                  UNITED STATES DISTRICT COURT JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION REGARDING EXCLUDABLE TIME           5
PERIODS UNDER SPEEDY TRIAL ACT